# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: M.C.

No. 16-0479 (Barbour County 15-JA-17)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.C., by counsel Thomas B. Hoxie, appeals the Circuit Court of Barbour County's April 20, 2016, order terminating his parental rights to ten-year-old M.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison Iapalucci, filed a response on behalf of the child also in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in (1) failing to provide him with a meaningful opportunity at the dispositional hearing to testify or to call witnesses before proceeding to terminate his parental rights; and (2) terminating his parental rights without imposing a less-restrictive dispositional alternative.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]By order entered on August 1, 2016, the circuit court relieved Karen Hill Johnson as guardian for M.C. and substituted Ms. Iapalucci. Ms. Iapalucci proceeds on the response brief filed by the prior guardian, Ms. Johnson.

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

In May of 2015, the DHHR filed an abuse and neglect petition against petitioner and M.C.'s mother in which it alleged that they had exposed M.C. to drug use and domestic violence and caused him to be excessively truant from school.

In July of 2015, the circuit court held an adjudicatory hearing. At that hearing, petitioner entered into certain limited stipulations of abuse and neglect of M.C. With respect to domestic violence, petitioner admitted that he and his girlfriend fought, but he asserted that he often acted in self-defense and that M.C. did not witness much of that violence. With respect to drug use, petitioner admitted that he manufactured and smoked methamphetamine in his garage and basement, but he claimed that M.C. was usually playing outside or at school when he did so. Finally, petitioner admitted that he drove while intoxicated with M.C. in the vehicle and that he allowed then nine-year-old M.C. to drive when petitioner determined that he was too impaired. At the conclusion of that hearing, the circuit court found that petitioner was an abusing parent. The circuit court also granted petitioner's motion for a post-adjudicatory improvement period. Under the terms and conditions of his improvement period, petitioner was required to, inter alia, attend court proceedings; complete psychological and parental-fitness evaluations; complete an intensive outpatient substance abuse treatment program; attend parenting and adult life skills classes; and submit to drug screening.

In September of 2015, the guardian filed a report in which she claimed that petitioner missed multiple drug screens in August and September of 2015. At a subsequent review hearing, notwithstanding his missed drug screens, the circuit court permitted petitioner to continue on his improvement period under the previous terms and conditions. In November of 2015, petitioner was incarcerated on a separate criminal proceeding under a sentence of one to three years in prison for driving on a license revoked for DUI. He was scheduled to be eligible for parole in approximately November of 2016.

Prior to the dispositional hearing, petitioner filed a disclosure of information listing his potential witnesses to testify as to the proper disposition in this matter. In February of 2016, the circuit court held the dispositional hearing. At that time, petitioner remained incarcerated under his November of 2015 prison sentence. Petitioner did not appear in person at the dispositional hearing, but he was represented by counsel. Although petitioner had previously subpoenaed several witnesses to testify on his behalf, petitioner presented no witnesses or evidence as to disposition. During the hearing, the circuit court summarized the factual background of the case for the record and noted that petitioner failed to successfully complete his improvement period, which had then expired, due to his incarceration. Thereafter, the circuit court asked petitioner's counsel, "Mr. Hoxie, what is your position?" Petitioner's counsel answered as follows:

> Your Honor, at this time, my client contests [the termination of his parental rights]. But we understand with him being incarcerated that there's very – almost no likelihood that he can meet the terms.

Thereafter, the circuit court proceeded to disposition and found that petitioner's abuse was chronic and severe. The circuit court further found that, while incarceration did not automatically disqualify a parent from successfully completing an improvement period, the length of petitioner's incarceration (of at least until the following November) made his completion of

remedial services in the near future impossible. For those reasons, the circuit court terminated petitioner's parental rights to the child, noting petitioner's objection to that ruling. Prior to the conclusion of the hearing, the circuit court had the following exchange with petitioner's counsel:

> The Court: Mr. Hoxie, anything additionally?
>
> Mr. Hoxie: Just to confirm, Your Honor, you noted my objection?
>
> The Court: I noted your objection of the Court's termination ruling.
>
> Mr. Hoxie: Thank you.

With that, the circuit court concluded the hearing. In a detailed, thirty-seven page order entered on April 20, 2016, the circuit court terminated petitioner's parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first argues that the circuit court erred in failing to provide him with a meaningful opportunity at the dispositional hearing to testify or to call witnesses before proceeding to terminate his parental rights. Petitioner correctly notes that when the termination of parental rights is contested by a parent, a circuit court shall hold an evidentiary, dispositional hearing in which the parent has a meaningful opportunity to be heard. *See* W.Va. Code § 49-4-604(a) (Providing that "[t]he court shall forthwith proceed to disposition giving both the

petitioner and respondents an opportunity to be heard"); *id*. at § 49-4-601(h) (Providing that "[i]n any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses."); W.Va. R. P. for Child Abuse and Neglect Proc. 35 (Providing procedure for contested termination of parental rights in abuse and neglect proceedings).

In this case, contrary to petitioner's factual assertion that he was denied the opportunity to present witnesses or evidence, the record on appeal is clear that petitioner did not seek that opportunity at the dispositional hearing. Petitioner's counsel did not seek to present evidence and failed to even discuss an intention to present evidence at that hearing, despite clear opportunities given to him by the circuit court to make his case or add anything additional. Instead of presenting evidence, while noting his opposition to a termination of his parental rights, petitioner's counsel stated that he and petitioner "understand with him being incarcerated that there's very – almost no likelihood that he can meet the terms." Therefore, based on a thorough review of the record on appeal and the parties' argument, we find that petitioner's factual assertion that he was prevented from presenting evidence at the dispositional hearing is not supported by the record. As petitioner's argument relies upon this factual assertion, we find no merit to petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative. West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S*., 198 W.Va. 79, 479 S.E.2d 589 (1996). Further, this Court has explained that incarceration may form the basis for a termination of parental rights. Syl. Pt. 3, *In re Cecil T*., 228 W.Va. at 91, 717 S.E.2d at 875.

In this case, petitioner failed to satisfy the terms and conditions of his improvement period. Further, he admitted at the dispositional hearing that he could not complete those terms in the near future due to his incarceration. Given these facts, we find no error in the circuit court's ruling that there was "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" because petitioner "had not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." As such, we find no error in the circuit court's termination of petitioner's parental rights without imposing less-restrictive dispositional alternatives.

For the foregoing reasons, we hereby affirm the circuit court's April 20, 2016, order.

Affirmed.

**ISSUED**: November 14, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

5